IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **JENNIFER GERING, individually and as the parent and natural guardian of BRAXTYN HESPE, DYLAN GERING, and TREVYN GERING,**<br><br>Plaintiffs,<br><br>vs.<br><br>**DANNY DEUTSCH, d/b/a DEUTSCH TRUCKING,**<br><br>Defendant. | 7:13CV5009<br><br>ORDER |

This matter is before the court on the defendant's Motion to Resolve Plaintiff's Objection to Defendant's Subpoena (Filing No. 55). The defendant filed a brief (Filing No. 56) and an index of evidence (Filing No. 57) in support of the motion. The plaintiffs filed a brief (Filing No. 60) in response. The defendant filed a brief (Filing No. 61) and an index of evidence (Filing Nos. 62-63) in reply. After the defendant filed his reply, the plaintiffs filed an additional index of evidence (Filing No. 64). The defendant then filed a Motion to Strike Plaintiff's Evidence (Filing No. 65).

## BACKGROUND

This case arises from the collision of a four-door sedan and a semi-truck on November 10, 2010, on eastbound Highway 20 between Crawford and Chadron, Nebraska. *See* Filing No. 1 - Complaint ¶¶ 6-8. The plaintiff Jennifer Gering (Gering) was driving the sedan with her three children, ages 10, 12, and 16, in the front and back seats. *Id.* ¶ 6. Gering alleges the defendant driver of the semi-truck was "tailgating" for approximately eleven miles and struck her vehicle when she slowed to accommodate a turning vehicle. *Id.* ¶¶ 7-8. The collision caused the sedan to move eighty-six feet and broke the driver's seat. *Id.* ¶ 8. The complaint alleges Gering and the children suffered injuries caused by the defendant's negligence. *Id.* ¶¶ 8-12. Specifically, Gering

> suffered serious injuries and has sustained damages, including but not limited to:
> a.   Temporary and permanent injuries to her back, left and right shoulders, neck, arms, elbows and nerves;

      b.      Hospital, doctor, medical, and related expenses in the minimum amount of $112,250.00 which are reasonabl[y] expected to continue in the future;
      c.      A loss of earnings in the minimum amount of $3,400.00; an expected future loss of earnings, as well as a loss of earning capacity;
      d.      Loss of opportunities and enjoyment of life since the accident, and she will continue to suffer such losses in the future;
      e.      Physical pain and mental anguish, and she will continue to suffer physical pain and mental anguish in the future.

*Id.* ¶ 10. Separately, the plaintiffs' counsel wrote in a letter that the "collision resulted in physical and emotional damages," to Gering who was "plagued with thoughts of what might have been," and she suffered "flashbacks" and "many signs and symptoms of post traumatic stress." **See** Filing No. 49-1 May 7, 2013, Letter p. 6-8.

On April 4, 2014, the court entered the final progression order setting discovery and other deadlines, including trial. **See** Filing No. 23. As part of the order, the court set October 1, 2014, for discovery motions "as to matters which are then ripe for decision." *Id.* ¶ 2(c). On May 1, 2014, the defendant filed and served notice of intent to serve subpoenas duces tecum on Valley Hope Drug Rehab Centers (Valley Hope) and Western Nebraska Behavioral Health, among others. **See** Filing No. 27. On May 5, 2014, the defendant received the plaintiffs' objections to such subpoenas. **See** Filing No. 57-1 p. 9 Ex. B. The plaintiffs objected to issuance of the subpoenas due to their requests for "psychological records of any kind," arguing Gering did not place her mental condition at issue in this matter. *Id.* at 1. The plaintiffs also argued the requested information is subject to privilege, fails to incorporate a reasonable temporal limit, and improperly includes irrelevant billing records. *Id.* at 1-2.

The defendant filed the instant motion on November 26, 2014. **See** Filing No. 55. The defendant seeks judicial review of the plaintiffs' objections to issuance of the subpoenas for Valley Hope and Western Nebraska Behavioral Health, pursuant to Nebraska Civil Rule 45.1(b). *Id.* The defendant argues the plaintiffs placed Gering's physical, mental, and emotional health at issue based on the plain language in the complaint and the content of counsel's May 7, 2013, Letter. *Id.* at 2-3. Additionally, the defendant states the records already obtained indicate Gering likely suffers physical, mental, and emotional health issues stemming from sources other than the November

2

10, 2010, collision.  *Id.* at 3.  The defendant argues he is entitled to discovery from Gering's mental health providers under the subpoenas to determine the causes of Gering's injuries because it is "reasonable to assume that [Gering] would have discussed . . . her physical and emotional injuries . . . with her mental health providers." *Id.*

The plaintiffs oppose issuance of the subpoenas.  **See** Filing No. 60 - Brief.  The plaintiffs assert the defendant's motion is not ripe for determination because the defendant failed to comply with federal statutes requiring the defendant to provide the subject record holders appropriate notice or an opportunity for hearing.  *Id.* at 3-5.  Moreover, the plaintiffs contend Gering has not placed her mental health at issue and insufficient justification exists to allow the requested discovery, especially given the voluminous and comprehensive medical records already produced.  *Id.* at 5-11.  Finally, Gering asserts she has never been a patient at Western Nebraska Behavioral Health. *Id.* at 3.

The defendant denies the applicability of the federal statutes and regulations cited by the plaintiffs, but would agree to any additional process or confidentiality protections necessary.  **See** Filing No. 61 - Reply p. 2-5.  The defendant denies the sufficiency of previous document production and contends "the best place to look for further evidence of [physical or substance abuse] would logically be [Gering's] mental health and substance abuse records, because one would assume that she would be more forthcoming with these medical providers regarding the true cause of her injuries." *Id.* at 7.  The defendant suggests, despite Gering's denial, that records from Western Nebraska Behavioral Health must exist because another medical record states, Gering would be "set up with Dr. Cate Hazeldine's Group," which group appears to the defendant to be Western Nebraska Behavioral Health because the doctor is listed as a provider at Western Nebraska Behavioral Health.  *Id.* at 5-6 (**citing** Filing No. 62 - Pemberton Aff. ¶¶ 5-6 and attached Exs. A and B).  The defendant argues if no records exist, then the plaintiffs "should not oppose . . . so strenuously."  *Id.* at 6.

The plaintiffs' post-briefing index of evidence contains a December 10, 2014, letter from Dr. Jones-Hazledine from Western Nebraska Behavioral Health stating, "We have received a release of information for records of one Jennifer Gering.  We have no such records, as Jennifer Gering is not a patient of this clinic."  **See** Filing No. 64 - Ex.

3

1(A).  Additionally, the plaintiffs filed a privacy policy posted by Valley Hope Association. *Id.* Ex. 1(B).  The defendant objects to the court's reliance on this evidence, arguing the plaintiffs were "sandbagging" by filing unsupported hearsay evidence outside the standard briefing schedule without leave of court.  **See** Filing No. 65.  The defendant's motion to strike will be denied.  While the evidence was filed outside the normal briefing schedule, it was filed in direct response to (and within one day of) the defendant's reply containing derisive comments noting a lack of such evidence.  Additionally, the evidence is redundant of other statements made by the plaintiffs' counsel and evidence in the record.

## ANALYSIS

As an initial matter, the plaintiffs contend the defendant's motion is not ripe for the court's determination because the defendant failed to provide notice of the proposed discovery requests to the non-parties.  **See** Filing No. 60 - Brief p. 3-5.  However, the defendant's pre-issuance notice to the plaintiffs, rather than the proposed non-parties, is explicitly *required* under the court's local rules.  **See** NECivR 45.1.  The rule allows time for the adverse party to object, as was done in this case, *before* notice is given to the proposed non-parties.  *Id.*  Under the local rules, the parties then have an opportunity to resolve their discovery dispute "in accordance with NECivR 7.1," without diminishing the availability of objections allowed under the federal rules to the non-parties.  *Id.*

Nevertheless, the defendant has failed to comply with Rule 7.1.  The rule specifically, provides:

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. "Personal consultation" means person-to-person conversation, either in person or on the telephone.  An exchange of letters, faxes, voice mail messages, or emails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.

NECivR 7.1(i).

The defendant fails to provide any showing the parties conferred prior to his filing the instant discovery motion. The defendant indicates only that he supplied notice of his intent to serve the proposed subpoenas for non-parties on May 1, 2014, and within five days, the plaintiffs served objections to the notice of intent. **See** Filing No. 55 - Motion p. 1. According to the parties' filings, the defendant made no additional mention of these proposed subpoenas until November 26, 2014. For this reason alone the court may deny the defendant's motion for failure to comply with Rule 7.1(i).

The defendant's failure to confer also renders the defendant's motion untimely. The defendant filed the discovery motion on November 26, 2014, despite the court's April 4, 2014, order setting an October 1, 2014, deadline for discovery motions "as to matters which are then ripe for decision." **See** Filing No. 23 ¶ 2(c). The plaintiffs' objections to the defendant's proposed subpoenas were ripe in May. Although the defendant relies, in part, on a May 7, 2013, letter filed by the plaintiff on October 28, 2014, the defendant fails to justify the delay in filing the current motion, without first conferring with the plaintiffs' counsel about the discovery dispute. **See** Filing No. 49-1 May 7, 2013, Letter; **see generally** Filing No. 55 - Motion.

Assuming the defendant had complied with the procedural prerequisites to his motion, the court sustains the plaintiffs' objections on their merits. A threshold level of relevance is lacking with regard to either proposed non-party's records. Gering's counsel affirmatively stated Gering did not treat at Western Nebraska Behavioral Health. **See** Filing No. 60 - Brief p. 3. The defendant confirmed Gering had never disclosed treatment at such facility and the defendant only anticipated such treatment based on a medical record indicating a plan to "set up" Gering with a particular doctor's group for counseling due to anxiety. **See** Filing No. 61 - Reply p. 5-6; Filing No. 62 Ex. 1(A). Subsequently, the plaintiffs provided verification from the non-party confirming no records exist. **See** Filing No. 64 - Ex. 1(A). In consideration of the defendant's failure to sustain his burden of showing Western Nebraska Behavioral Health possesses potentially relevant information, any request to subpoena records is denied. **See** Fed. R. Civ. P. 26(b)(1).

The parties do not dispute whether Valley Hope possesses records associated with Gering. The defendant contends the records are relevant because "it is reasonable to assume [Gering] would have discussed . . . physical and emotional injuries [other

5

than those caused by the November 10, 2010, collision] with her mental health providers." **See** Filing No. 55 - Motion p. 3.  The defendant asserts Gering has placed her physical and emotional health at issue in this case and, therefore, statements Gering made to mental health providers may reveal physical and psychological injuries unassociated with the November 10, 2010, collision, but for which Gering is seeking compensation in this case.  **See** Filing No. 56 - Brief p. 4-6.  The defendant's assertions are based on other record evidence Gering sustained injuries from accidents related to alcohol use and physical assaults.  *Id.*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Broad discovery is an important tool for the litigant, and so '[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'"  **WWP, Inc. v. Wounded Warriors Family Support, Inc.**, 628 F.3d 1032, 1039 (8th Cir. 2011) (alteration in original) (**quoting** Fed. R. Civ. P. 26(b)(1)).  Accordingly, relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978).  "However, the proponent of discovery must make '[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.'"  **Prism Tech., LLC v. Adobe Sys., Inc.**, 284 F.R.D. 448, 449 (D. Neb. 2012) (alterations in original) (**quoting** *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992)).  Accordingly, once the requesting party meets the threshold relevance burden, "the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure."  **Moses v. Halstead**, 236 F.R.D. 667, 671 (D. Kan. 2006).

The court has authority to limit the scope of discovery.  **Roberts v. Shawnee Mission Ford, Inc.**, 352 F.3d 358, 361 (8th Cir. 2003).  The Federal Rules authorize the court to limit discovery that is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less

expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).  Moreover, the court may also limit discovery after considering "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii).

The plaintiffs' objections indicate her reliance, in part, on a physician-patient privilege shielding Valley Hope's records from production.  **See** Filing No. 57-1 - Objections p. 1-2.  Under Nebraska statute:

> A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purposes of diagnosis or treatment of his or her physical, mental, or emotional condition among himself or herself, his or her physician, or persons who are participating in the diagnosis or treatment under the direction of the physician, including members of the patient's family.

Neb. Rev. Stat. § 27-504(2)(a).

However, "[t]here is no privilege under this rule as to communications relevant to an issue of the physical, mental, or emotional condition of the patient in any proceeding in which he or she relies upon the condition as an element of his or her claim or defense . . . ."  Neb. Rev. Stat. § 27-504(4)(c).  "The purpose behind the patient-litigant exception to the physician-patient privilege is to prevent the patient from making his condition an element of the dispute, and then invoke the privilege to prevent the opposing party from ascertaining the true condition of the patient."  **Branch v. Wilkinson**, 256 N.W.2d 307, 315 (Neb. 1977) ("We do not believe that this exception should be invoked where the patient merely denies allegations by the opposing party concerning his condition [of intoxication].").

Courts treat the physician-patient privilege and its exception similar to the analysis of a court-ordered mental evaluation under Rule 35.  **See *Fritsch v. City of Chula Vista***, 187 F.R.D. 614, 631-32 & n.5 (S.D. Cal. 1999) (discussing ***Jaffee v. Redmond***, 518 U.S. 1 (1996) and other courts' treatment of comparative standards).  In Nebraska, "a routine allegation of negligence in a personal injury action does not put a party's mental condition 'in controversy' for purposes of the federal counterpart to our Rule 35."  ***Huber v. Rohrig***, 791 N.W.2d 590, 603 (Neb. 2010) (**citing *Schlagenhauf v.***

7

*Holder*, 379 U.S. 104, 117-18 (1964) (requiring "an affirmative showing . . . that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination").

> Courts commonly conclude that plaintiffs can be ordered to undergo mental condition examinations where one or more of the following claims are present:
> (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or (5) plaintiff's concession that his or her mental condition is in controversy within the meaning of [Fed. R. Civ. P.] 35.

*Huber*, 791 N.W.2d at 603-04 (citation omitted).

Similarly, courts outside of Nebraska have held "garden-variety" or generic claims for emotional distress damages do not implicate a waiver of the privilege. **See *Kennedy v. Municipality of Anchorage***, 305 P.3d 1284, 1291-92 (Alaska 2013); ***Johnson v. Trujillo***, 977 P.2d 152 (Colo. 1999). "Garden-variety claims will typically involve emotions rather than conditions. Limiting potential claims in this way ensures that the alleged distress will fall within the common experience of jurors such that they can readily understand the nature or severity of the emotional distress." ***Kennedy***, 305 P.3d at 1292; **see *Johnson***, 977 P.2d at 157 (noting no waiver "where the mental suffering alleged does not exceed what an ordinary person would likely experience in similar circumstances"). By contrast, "[a] claim is not a garden-variety anguish claim if it involves a diagnosable mental disease or disorder, medical treatment or medication, longstanding, severe, or permanent emotional distress, physical symptoms, or expert testimony." ***Kennedy***, 305 P.3d at 1292.

The defendant contends the plaintiffs rely on Gering's physical, mental, and emotional conditions sufficiently to place them in controversy in this action, generally. Additionally, the defendant contends the plaintiffs specifically place the conditions in controversy in a manner to allow the defendant access to Valley Hope's records. The plaintiffs deny the type of claims asserted, primarily for physical injuries, put Gering's mental health in controversy. **See** Filing No. 60 - Brief p. 9-10. Although the plaintiffs admit they seek non-economic damages, for general physical pain and mental suffering

associated with the collision, the plaintiffs argue such pain and suffering does not rise to the extent necessary to place Gering's mental health in controversy or allow access to Valley Hope's records. *Id.* The plaintiffs focus on the language in their complaint, rather than the statements made in the May 7, 2013, Letter. Moreover, the plaintiffs emphasize they did not include separate claims for emotional distress. *Id.* at 11.

The plaintiffs' complaint describes Gering's damages in terms of "loss of opportunities and enjoyment of life" and "mental anguish" now and in the future. **See** Filing No. 1 - Complaint. The May 7, 2013, Letter, is not an operative pleading in this matter. The May 7, 2013, Letter was a settlement demand letter sent to the defendant's insurance carrier. **See** Filing No. 50 - Brief p. 5; Filing No. 49 - Letter. The plaintiffs filed the May 7, 2013, Letter in this case on October 28, 2014, in opposition to a motion to extend time, to show the plaintiffs had previously made the defendant aware of Gering's intent to seek damages for loss of earning capacity. **See** Filing No. 50 - Brief p. 5-6, 11-12 (noting the complaint's explicit inclusion of a claim for loss of earning capacity). Additionally, the plaintiffs referenced the May 7, 2013, Letter as an example of notice of certain of Gering's physical injuries. *Id.* at 9. The plaintiffs' brief notes Gering's damages are: "injuries to her neck, shoulders, back, arms, elbows, and nerves." **See** Filing No. 60 - Brief p. 9. The plaintiffs emphasize, Gering "has not alleged any specific cause of action for intentional or negligent infliction of emotional distress; a specific mental or psychiatric injury, or offered an expert who will testify in support of a chief claim of emotional/psychiatric distress." *Id.* The plaintiffs describe their non-economic claims "[a]s in most car accident cases, [the plaintiffs] have suffered pain and mental anguish flowing from their specific bodily injuries." *Id.*

Based on the pleadings in this case and the plaintiffs' representations to the court about their claims, Gering's claims are garden-variety mental anguish claims and do not waive her physician-patient privilege. In any event, the defendant had sufficient other means to conduct discovery about the plaintiffs' physical injuries, such as depositions of Gering, health care providers, and other witnesses. Finally, the defendant fails to sustain his burden of showing relevance of any statements Gering made to mental health providers at Valley Hope regarding incidents and physical injuries predating and distinct from the November 10, 2010, collision, particularly in light of Gering's other discoverable medical records related to her physical injuries. Upon consideration,

**IT IS ORDERED**:

1.	The defendant's Motion to Resolve Plaintiff's Objection to Defendant's Subpoena (Filing No. 55) is granted.

2.	The court sustains the plaintiffs' objections for the reasons stated above.

3.	The defendant's Motion to Strike Plaintiff's Evidence (Filing No. 65) is denied.

Dated this 19th day of December, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge