IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JENNIFER GERING,<br><br>          Plaintiff,<br><br>   vs.<br><br>DANNY DEUTSCH,<br><br>          Defendant. | 7:13CV5009<br><br>SECOND AMENDED ORDER<br>SETTING FINAL SCHEDULE<br>FOR PROGRESSION OF CASE |

    This matter comes before the court on the defendant's Motion to Modify the Amended Order Setting Final Schedule for Progression of Case (Filing No. 100).  The defendant seeks an extension of remaining deadlines, including trial, by six months to allow him an opportunity to obtain the plaintiff's tax documents from the Internal Revenue Service.  The defendant suggests the plaintiff's delay and other conduct led him to question the accuracy and comprehensive nature of disclosures.  The plaintiff contends she produced the relevant documents and opposes a delay of trial.

    The court will grant a continuance but not to the extent sought by the defendant. Federal Rule of Civil Procedure 16(b)(4) requires the moving party show good cause justifying any modifications to a scheduling order.  **See** Fed. R. Civ. P. 16(b); ***Bradford v. DANA Corp.***, 249 F.3d 807, 809-10 (8th Cir. 2001); **see also** Fed. R. Civ. P. 6(b)(1); ***Thorn v. Blue Cross & Blue Shield of Fla., Inc.***, 192 F.R.D. 308, 309 (M.D. Fla. 2000) ("In demonstrating good cause, the moving party must establish that the 'scheduling deadlines cannot be met despite a party's diligent efforts.'") (paraphrasing Fed. R. Civ. P. 16 advisory committee notes (1983 amendment)).

    Here, the defendant fails to provide good cause for the lengthy extension of time. The court is sympathetic to the defendant's logistical challenges in now obtaining formal copies of tax documents, however the circumstances fail to support the length of the requested extension.  The parties scheduled most of the relevant depositions and exchanged the bulk of evidence prior to the end of the discovery period.  While the tax document discovery issues support a brief extension of deadlines, a six-month delay of trial is unnecessary.  Other than the necessity of the tax documents for impeachment, the manner in which the defendant describes his need for the documents, he may rely

on documents already produced or with information supplemented by the plaintiff. Scheduling trials in North Platte may itself contribute to some of the allowable delay. Nevertheless, counsel are encouraged to resolve any remaining discovery and scheduling disputes prior to court involvement. Upon consideration,

**IT IS ORDERED:**

1. The defendant's Motion to Modify the Amended Order Setting Final Schedule for Progression of Case (Filing No. 100) is granted in part as set forth herein.

2. **Discovery Deadlines.**

    a. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **August 17, 2015**.

    b. **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before the deposition deadline. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; any request to extend the deadlines of this order shall be sought by motion.

3. **Pretrial Disclosures.**[2] **On or before September 18, 2015**, pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with a list of all **trial exhibits** it expects to offer, other than solely for impeachment purposes, by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

4. **Motions *in Limine*.** Any motions *in limine* shall be filed on or before **September 25, 2015**.

5. **The Final Pretrial Conference** with the undersigned magistrate judge is set for **October 2, 2015, at 10:00 a.m. by telephone**. Counsel for the plaintiff shall

---

[2] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or documents filed with the court, redact social security numbers, home addresses, phone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties. **See** NECivR 5.3.

2

initiate the conference.  Lead counsel for represented parties shall participate in the final pretrial conference.  Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[3]  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter.  The pretrial conference will include a **discussion of settlement**, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. <u>Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences</u>.

     6.    **Settlement.**

          **a.**    Not later than two weeks prior to trial, plaintiff or plaintiff's counsel shall serve on defendant or defendant's counsel a written, updated settlement proposal.  Defendant or defendant's counsel shall respond in writing to such proposal not later than one week before trial.

          **b.**    In the event the parties mediate their dispute, notice of the mediation shall be given to the staff of the magistrate judge's office.  The filing of a mediation reference order will terminate pending motions, without prejudice to refiling.  If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

          **c.**    Notice of settlement shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury.  <u>If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may -- and  normally will -- be made against a party and/or counsel for one or more of the parties.  For purposes of this

---

[3]  All personal information should be redacted from the public version of the order and/or attachments filed with the clerk.  **See** NECivR 5.3.

paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial.

7.    **Trial** is set to commence, at the court's call, during the week of **October 26, 2015**, **in North Platte, Nebraska**, before the Honorable Joseph F. Bataillon and a jury. Unless otherwise ordered, jury selection shall be at the commencement of trial.

8.    **Motions to alter dates.** All requests for changes of deadlines or settings established herein shall be directed to the magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 28th day of May, 2015.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge